**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| ZACHARY T. BELL,<br><br>Plaintiff,<br><br>v.<br><br>NORTHEAST RECOVERY SOLUTIONS, LLC<br><br>Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 3:19-cv-00237-G<br><br>DEMAND FOR JURY TRIAL |

**FIRST AMENDED COMPLAINT**

NOW comes ZACHARY T. BELL ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of NORTHEAST RECOVERY SOLUTIONS, LLC ("Defendant"), as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.*, for Defendant's unlawful conduct.

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Texas and a substantial portion the events or omissions giving rise to the claims occurred within the Northern District of Texas.

**PARTIES**

4. Plaintiff is a 34 year-old natural "person," as defined by 47 U.S.C. §153(39).

5. Defendant is a debt collector whose principal purpose is to collect upon debts owed to others. Defendant is a New York limited liability company with The Limited Liability Company, 37 Kirkwood, West Seneca, New York, 14224 as its registered address.

6. Defendant is a "person" as defined by 47 U.S.C. §153(39).

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

8. In approximately December 2018, Plaintiff began receiving calls to his cellular phone, (817) XXX-3864, from Defendant.

9. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -3864. Plaintiff is and always has been financially responsible for the cellular phone and its services.

10. Defendant has used a variety of phone numbers when contacting Plaintiff, including but not limited to (877) 890-1760 and (844) 363-8856.

11. Upon information and belief, the above referenced phone numbers are regularly utilized by Defendant during its debt collection activity.

12. Plaintiff has never had any business relationship with Defendant nor has he ever given it permission to call his cellular Phone, so Plaintiff was confused as to why Defendant was contacting him.

13. On several occasions, Defendant left voicemail messages on Plaintiff's cellular phone stating that Defendant was contacting Plaintiff regarding a private business matter for his sister, Annette Fehr.

14. Plaintiff eventually returned Defendant's phone calls, at which time he was told that Defendant was attempting to collect upon past due medical debt ("subject debt") said to be owed by Plaintiff's sister.

15. Additionally, Plaintiff demanded that Defendant stop contacting him.

16. Plaintiff works overnight shifts and sleeps during the day, so Defendant's phone calls often interrupted his daily routine.

17. Plaintiff told Defendant this information; nevertheless, Defendant continued placing phone calls to Plaintiff's cellular phone at times known to be inconvenient to Plaintiff.

18. Despite Plaintiff's demands that Defendant stop contacting him, Defendant continued to place numerous phone calls seeking to collect upon a debt said to be owed by Plaintiff's sister.

19. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding his rights, resulting in expenses.

20. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

21. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls intended for his sister, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of his telephone services, loss of cellular phone

capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

22. Plaintiff repeats and realleges paragraphs 1 through 21 as though fully set forth herein.

23. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

24. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

25. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

26. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be due to another for personal, family, or household purposes.

### a. Violations of FDCPA §1692b & c(b)

27. The FDCPA, pursuant to 15 U.S.C. §1692b, governs what a debt collector can do when "communicating with any person other than the consumer for the purpose of acquiring location information about the consumer." Under § 1692b(1), a debt collector communicating with a third party must "identify himself, state that he is confirming or correcting location information concerning the consumer, and, only if expressly requested, identify his employer." Under § 1692b(2), a debt collector shall not state that "such consumer owes any debt." Additionally, under §1692b(3), a debt collector "shall not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information." Furthermore, under §1692c(b), "without the prior consent of the consumer given directly to the debt collector…a debt collector may not communicate, in

connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency…the attorney of the creditor, or the attorney of the debt collector."

28. Defendant violated §1692b, b(1) b(2) b(3), and 1692c(b) by contacting Plaintiff on a number of occasions seeking to collect upon a debt owed by Plaintiff's sister. Defendant failed to advise that it was confirming or correcting location information concerning his sister. Defendant advised Plaintiff that his sister owes the subject debt and Defendant knew it was contacting a third party multiple times, even after Plaintiff demanded that the phone calls stop.

**b. Violations of FDCPA §1692c(a)(1) and §1692d**

29. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

30. Defendant violated §1692c(a)(1), d, and d(5) when it repeatedly called Plaintiff after being notified to stop and that its phone calls were being placed during Plaintiff's sleep schedule. Defendant called Plaintiff numerous times after he demanded that it stop and after becoming aware that its calls were inconvenient to hm. This repeated behavior of systematically calling Plaintiff's phone in spite of his demands was harassing and abusive. The frequency and volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing him into applying additional pressure on his sister to address the subject debt.

31. Defendant was notified by Plaintiff that its calls were not welcome and were being placed at inconvenient times. As such, Defendant knew that its conduct was inconvenient and harassing to Plaintiff.

**c. Violations of FDCPA § 1692f**

32. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

33. Defendant violated §1692f when it unfairly and unconscionably continued calling Plaintiff after he demanded that it stop and that its calls were inconvenient. Defendant's conduct and refusal to honor Plaintiff's requests left Plaintiff with no choice but to seek relief through litigation.

34. As pled in paragraphs 19 through 21, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, ZACHARY T. BELL, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

**COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT**

35. Plaintiff restates and realleges paragraphs 1 through 34 as though fully set forth herein.

36. Defendant is a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

37. The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

**a. Violations of TDCA § 392.302**

38. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

39. Defendant violated the TDCA when it continued to call Plaintiff's cellular phone numerous times after he notified it to stop calling. Despite Plaintiff's demands, Defendant continued contacting Plaintiff's cellular phone, illustrating its intent to harass Plaintiff through its phone calls. Further illustrating Defendant's intent to harass Plaintiff is the fact that Defendant continued placing calls to Plaintiff knowing such calls interrupted his sleep schedule.

WHEREFORE, Plaintiff, ZACHARY T. BELL, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1).

c. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2).

d. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: March 1, 2019 Respectfully submitted,

s/ Nathan C. Volheim (Lead Attorney) s/Taxiarchis Hatzidimitriadis

Nathan C. Volheim, Esq. #6302103
*Counsel for Plaintiff*
Admitted in the Northern District of Texas
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com

Taxiarchis Hatzidimitriadis, Esq. #6319225
*Counsel for Plaintiff*
Admitted in the Northern District of Texas
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 581-5858 (phone)
(630) 575-8188 (fax)
thatz@sulaimanlaw.com